MEMORANDUM *
To establish standing, “the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quotation marks omitted). Clatskanie alleges two injuries. First, it claims that it may be affected by the reduction of a pool of money held by BPA, from which Clatskanie is due to receive additional amounts to be established in an ongoing ratemaking proceeding. This injury is too tenuous to establish concrete and particularized injury.
Second, Clatskanie asserts that as a customer of BPA, Clatskanie has an interest in seeing BPA comply -with statutory requirements. This injury also fails to establish standing. Any implication in our prior decisions that an interest in participating in BPA’s ratemaking procedure confers standing to challenge alleged departures from those procedures, see California Energy Resources Conservation and Development Comm’n v. Bonneville Power Admin., 754 F.2d 1470, 1473 (9th Cir.1985); see also Portland General Electric Co. v. Johnson, 754 F.2d 1475, 1480 (9th Cir.1985), has been superseded by the Supreme Court’s recent intervening holding that “deprivation of a procedural right without some concrete interest that is affected by the deprivation — a procedural right in vacuo — is insufficient to create Article III standing.” Summers v. Earth Island Institute, — U.S. -, 129 S.Ct. 1142, 1151, 173 L.Ed.2d 1 (2009); see also Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc) (“[Wjhere the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, a three-judge panel should consider itself bound by the later and controlling authority, and should reject the prior circuit opinion as having been effectively overruled.”).
In the absence of establishing it has suffered an injury-in-fact, Clatskanie fails to establish standing and we therefore lack jurisdiction over its petitions for review. See Summers, 129 S.Ct. at 1151.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.